# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 10-2070C

D.A.P., LLP d/b/a Pinto Real Estate

Plaintiff(s)

v.

Shell Oil Products Company, LLC and
Shell Oil Co.

Defendant(s)

SUMMONS RECEIVED

Legal Services US

* To the above-named Defendant: Shell Oil Co.

You are hereby summoned and required to serve upon George F. Hailer, Lawson & Weitzen, LLP, plaintiff's attorney, whose address is 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the 30th day of December in the year of our Lord two thousand and Ten.

A true copy Attest: John Cotter
Deputy Sheriff Suffolk County

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ........................................................................................................
20............., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

........................................................................................................

........................................................................................................

........................................................................................................

Dated: ................................................, 20...................

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                    Superior Court
                                   Civil Action
                                   No. 10-2679

D.A.P., LLP d/b/a Pinto Real Estate ..............Plaintiff

v.

Shell Oil Products Company, LLC and
Shell Oil Co. ...........................Defendant

SUMMONS

(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    Superior Court Department
                                                  Civil Action No.

D.A.P., LLP d/b/a PINTO REAL ESTATE )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )
                                    )
SHELL OIL PRODUCTS COMPANY,         )
LLC, and SHELL OIL CO.,             )
                                    )
      Defendants.                   )

RECEIVED

Legal Services US

## VERIFIED COMPLAINT AND JURY DEMAND

### Parties

1. D.A.P., LLP d/b/a Pinto Real Estate ("Pinto") is limited liability partnership organized under the laws of Massachusetts with a business address at 100 Medway Road, Milford, Massachusetts, 01757.

2. Shell Oil Products Company, LLC, is a limited liability company duly organized under the laws of Delaware with a principal place of business at 910 Louisiana Street, Houston, Texas, 77002.

3. Shell Oil Co. is a corporation duly organized under the laws of Delaware with a principal place of business at 910 Louisiana Street, Houston, Texas, 77002.

4. Shell Oil Products Company, LLC, and Shell Oil Co., will hereafter be collectively referred to as ("Shell").

## Factual Background

5. Upon information and belief, prior to 1948, James Johnson, the Milford Coal Company, and Nicol and Mary Frabotta owned 31 Main Street, Milford, Massachusetts 01757 (the "Property"). In 1948, Nicol and Mary Frabotta transferred the Property to Henry and Alfred Iacovelli.

6. In 1962, the Iacovellis transferred the Property to Shell Oil Co. See Iacovelli-Shell Deed, attached hereto as Exhibit A.

7. Shell Oil Co. owned the Property until February 2, 1984, when it transferred it to DiNardi & Stoico Auto Sales, Inc. ("DiNardi").

8. Upon information and belief, Shell Oil Co. is a subsidiary of Shell.

9. Upon information and belief, on January 24, 1992, the Town of Milford took the Property in a tax taking.

10. On February 13, 1997, the Town of Milford transferred the Property to Pinto.

11. In May 1997, a petroleum release (the "Release") was discovered at the Property during an environmental assessment that Pinto had conducted in connection with acquiring the Property.

12. On July 31, 1997, following a groundwater sample exhibiting total petroleum hydrocarbons ("TPH") at concentrations in excess of the GW-2 reportable concentration standards, a Release Notification Form was submitted to the Massachusetts Department of Environmental Protection ("DEP").

13. DEP assigned a Release Tracking Number, RTN 2-11822 to the Property.

14. On September 15, 1997, DEP sent Pinto a Notice of Responsibility, indicating that Pinto was a potentially responsible party under the Massachusetts Oil and

2

Hazardous Material Release Prevention, and Response Act, M.G.L. c. 21E ("Chapter 21E").

15. Upon information and belief, Shell Oil Co. conducted operations at the Property as a service station prior to and during the 1950's. In 1962, Shell became both the owner and operator of the Property and continued to operate a service station thereon.

16. Throughout the period of Shell's ownership and operation at the Property, it owned and operated at least nine (9) underground storage tanks ("USTs").

17. In 1952, Shell sought a removal permit for four (4) 1,000 gallon underground storage tanks (the "Four Shell USTs"). See Shell Application for Permit, attached hereto as Exhibit B.

18. After Shell removed the Four Shell USTs in 1952, it continued to operate and own the Property until approximately 1983.

19. This second set of USTs present at the Property during Shell's operation consisted of five USTs, including two 4,000-gallon USTs, two 5,000 USTs, and one 550-gallon UST, which combined held approximately 9,550 gallons of gasoline and waste oil (the "Five Shell USTs").

20. The Five Shell USTs existed at the Property until Shell removed them in 1983. See "1983 Shell Application to Remove USTs," attached hereto as Exhibit C.

21. The Five Shell USTs were located in the eastern portion of the Property, which is where the Release occurred.

3

22. Chapter 21E was enacted in 1983, and therefore did not govern the removal of the Four Shell USTs in 1952. Additionally, the Five Shell USTs were removed in 1983 and accordingly, any release from those USTs was likely not reported to the Department of Environmental Protection ("DEP").

23. The *Phase II – Comprehensive Site Assessment and Phase III – Identification, Evaluation, and Selection of Comprehensive Remedial Action Report*, dated September 23, 2003, ("Phase II and III Report"), indicates that the groundwater at the Property ranges in depth from 5.78 to 10.09 feet. Robert Berger, Pinto's Licensed Site Professional, has stated that based on this groundwater depth, petroleum leaking from the nine Shell USTs likely entered into the groundwater and migrated throughout the Property.

24. Because the Property was used as a service station from the early 1930's until approximately 1983, one or all of the nine Shell USTs could have remained at the Property for at least fifty (50) years. The long lifespan of the USTs, which were physically located at the groundwater table, likely resulted in corrosion and damage to the tanks and piping, resulting in leaking. A leak over this lengthy time period would cause significant quantities of petroleum to be released.

25. The Four Shell USTs had an extremely high likelihood of corrosion because cathodic protection, which is a technique that is currently used to protect metal on USTs from corrosion, was unavailable in the early 1950's.

26. The Shell USTs were the only USTs at the Property that contained petroleum and were the source of contamination found at the Property. Groundwater samples contained TPH above the applicable Method I Standards.

27. In 1985, DiNardi installed three USTs at the Property, which consisted of a 500-gallon heat oil UST, a 500-gallon waste oil UST, and a 300-gallon motor oil UST, (the "DiNardi USTs"). The DiNardi USTs did not contain any gasoline or petroleum products.

28. Paul Connors, of Triumvirate Environmental, supervised the removal of the DiNardi USTs in May 1997. These USTs were in satisfactory condition, with no significant pitting or evidence of leaks. See Affidavit of Paul Connors, (attached hereto as Exhibit D); see also DiNardi Tank Removal/Closure Reports for Permit Numbers 185, 186, and 187 ("Closure Reports," attached hereto as Exhibit E.)

29. Mr. Connors observed upon the removal of the DiNardi USTs that there was no evidence of contamination related to heat oil, waste oil, and motor oil. Evidence of past petroleum contamination was present, however, indicating that the release was attributed to the Shell USTs. See Exhibit D.

30. The DiNardi USTs were properly transported to James G. Grant, Co., an approved disposal Site. See Exhibit E.

31. The Phase I Report further supports Mr. Connor's observations by stating that the "tanks [DiNardi Tanks]...were removed without incident in 1997."

32. Pinto has expended monies related to the Release at the Property, including, *inter alia*, retaining consultants to prepare the following reports: Phase I

5

Report; Phase II and III Report; *Phase IV – Remedy Implementation Plan Comprehensive Remedial Action Report*, November 2004; *Phase III – Identification, Evaluation, and Selection of Comprehensive Remedial Action Alternatives and Phase IV Remedy Implementation Plan Comprehensive Remedial Action Report Addendum*, February 2006; *Phase II – Comprehensive Site Assessment Supplemental Addendum and Revised Phase IV Implementation Plan*, July 2007; *Phase IV – Final Inspection Report and Phase IV Completion Statement*, June 2008; and Phase V – Status Report No. 1 and Remedy Operation Status Submittal.

33. Pinto has expended and continues to expend money in order to undertake appropriate and necessary response actions as described above, including investigating the sources of the release to determine its origins; identifying potentially responsible parties; retaining environmental experts; retaining legal advice; and provided various notices and information to DEP.

34. The total costs that Pinto expended for the Property thus far and expects to expend amount to approximately $282,795.

35. On February 10, 2009, Pinto sent a demand letter pursuant Chapter 21E, §4A to Shell demanding full contribution and reimbursement for addressing the releases at the Property.

36. Pinto conferred in good faith with Shell in an attempt to resolve this dispute, however, no settlement was reached.

### Count I
### Violation of G.L.c. 21E, § 5 (Damages)
*(Against all Defendants)*

37. Pinto realleges and reincorporates by reference the allegations of Paragraphs 1 through 36 as if fully set forth herein.

38. The Property is a "site" within the meaning of Chapter 21E, §2.

39. Defendants are "persons" as this term is defined in Chapter 21E, §2.

40. Defendants are persons "who otherwise caused or [are] legally responsible for a release or threat of release of oil or hazardous materials" from the Property, within the meaning of Chapter 21E, § 5(a) and 5(a)(1), as indicated in the allegations of this Verified Complaint.

41. Pinto conferred in good faith with Shell in an effort to resolve all disputes between them. Shell refused to pay any amount to Pinto for its damages.

42. Pursuant to Chapter 21E, § 5, Defendants are liable to Pinto for the damages it has incurred and will continue to incur at the Property.

43. Pursuant to Chapter 21E, §§4A(d) and 15, Defendants are liable to Pinto for its attorneys' and expert witness fees and litigation costs.

### Count II
### Violation of G.L.c. 21E, §4 (Response Costs)
*(Against all Defendants)*

44. Pinto realleges and reincorporates by reference the allegations of Paragraphs 1 through 43 as if fully set forth herein.

45. Chapter 21E, § 4 provides that "any person who undertakes a necessary and appropriate response action due to a release of oil or hazardous material shall be entitled to reimbursement from any other person liable for such release or

7

threat of release." Chapter 21E, § 4 further provides that any person (other than the DEP) who "has undertaken, is undertaking, or intends to undertake a necessary and appropriate response action or who reasonably believes that he might be liable pursuant to section 5 may notify any person he reasonably believes is liable under section 5...of the notifier's intent relating to the taking of any response action" and what the notifier seeks from the person to whom the notice is sent, including contribution, reimbursement or payment of any equitable share of the costs of a response action or other liability pursuant to the provisions of Chapter 21E.

46. Pinto adhered to the notice procedures set forth in Chapter 21E, §4A by forwarding a 4A demand letter to Shell via certified mail, return-receipt requested on February 10, 2009.

47. As a result of the release, Pinto has incurred and will continue to incur reasonably and necessary assessment, containment, remediation, removal, and other response costs, within the meaning of Chapter 21E, §4, consistent with the Massachusetts Contingency Plan, 319 CMR 40.000.

48. At varying times in the spring and summer of 2009, Pinto conferred in good faith with Shell in an effort to resolve all disputes between them. Shell has refused to provide reasonable contribution, reimbursement, or an equitable share of Pinto's response costs.

49. Pursuant to Chapter 21E, §§ 4 and 5(a)(5), Defendants are liable to Pinto for its response costs incurred and to be incurred at the Site.

50. Pursuant to Chapter 21E, §§4A(d) and 15, Defendants are liable to Pinto for its attorneys' and expert witnesses' fees and litigation costs.

### Prayers for Relief

WHEREFORE, the Plaintiff requests that the Court:

1. Declare that the Defendants are legally responsible for the release at the Site; for the reasonable costs of the Plaintiff's response actions to assess, contain, and remove the contamination; and for the Plaintiff's damages;

2. To award the Plaintiff compensatory damages in an amount equal to the damage it has incurred and suffered to its real and personal property, including, but not limited to, the loss of the use of the Site and its diminution in value;

3. To award the Plaintiff an amount equal to the costs it has incurred and will continue to incur for the assessment, containment, and removal of hazardous materials from the Site;

4. To award the Plaintiff its costs of suit, including attorneys' and expert witnesses' fees;

5. To award the Plaintiff interest; and to fashion such other and further relief as the Court deems just and proper. The Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
D.A.P., LLP d/b/a PINTO REAL ESTATE
By its attorneys,

_/s/ George F. Hailer_
George F. Hailer, BBO #554793
ghailer@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

Dated: December 14, 2010

## VERIFICATION

I, Antonio L. Pinto, declare under the pains and penalties of perjury that I reside at 100 Medway Road, Milford, Massachusetts 01757, that I have read the foregoing complaint and know the contents thereof and I declare that the contents thereof are true and of my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21 DAY OF OCTOBER, 2010.

_____
Antonio L. Pinto
D.A.P. LLP d/b/a Pinto Real Estate

11



| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF WORCESTER | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) D.A.P., LLP d/b/a Pinto Real Estate | | DEFENDANT(S) Shell Oil Products Company, LLC, and Shell Oil Co. |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

George F. Hailer, Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990    BBO# 554793

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.      TYPE OF ACTION (specify)    TRACK           IS THIS A JURY CASE?

B21 Environmental - Fast Track                            (●) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                    $_____
   2. Total doctor expenses                                      $_____
   3. Total chiropractic expenses                                $_____
   4. Total physical therapy expenses                            $_____
   5. Total other expenses (describe)                            $_____
                                                      Subtotal  $_____
B. Documented lost wages and compensation to date               $_____
C. Documented property damages to date                          $ 282,795.00
D. Reasonably anticipated future medical expenses               $_____
E. Reasonably anticipated lost wages and compensation to date   $_____
F. Other documented items of damages (describe)
                                                                $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant is legally responsible for a large release of oil at Plaintiff's property. Plaintiff has spent a considerable amount of time and money in response costs and in remediating the property.

Total $ 282,795.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL  $_____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Date: December 14, 2010
A.O.S.C. 3-2007        George F. Hailer, Esq.

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**\* CONTRACTS**

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor and Materials | F |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**TORT**

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

**\* REAL PROPERTY**

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**EQUITABLE REMEDIES**

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | \*\*Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes   [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

## Commonwealth of Massachusetts
### County of Worcester
### The Superior Court

CIVIL DOCKET # WOCV2010-02679-C
Courtroom CtRm 26- 4th (225 Main St., Worcester)

RE: DAP LLP v Shell Oil Products Company LLC et al
TO:
George F Hailer, Esquire
Lawson & Weitzen
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414

### SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 12/04/2013.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 03/20/2011 | 03/20/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 04/19/2011 | |
| All motions under MRCP 12, 19, and 20 | 04/19/2011 | 05/19/2011 | 06/18/2011 |
| All motions under MRCP 15 | 02/13/2012 | 03/14/2012 | 03/14/2012 |
| All discovery requests and depositions served and non-expert depositions completed | 12/09/2012 | | |
| All motions under MRCP 56 | 01/08/2013 | 02/07/2013 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/07/2013 |
| Case shall be resolved and judgment shall issue by 12/04/2013 | | | 12/04/2013 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 12/21/2010

Dennis P. McManus, Esq.
Clerk of the Court

Telephone: 508-831-2358 (Session Clerk) or 508-831-2347

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic